IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OBIANUJU ALLEN-MYAHWEGI,**<br><br>Plaintiff,<br><br>v.<br><br>**WALGREENS PHARMACY**<br>a/k/a Walgreens Co.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:15-cv-04312-GP |

**DEFENDANT WALGREEN CO.'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Walgreen Co. ("Walgreens") by and through its undersigned counsel, hereby responds to the Complaint of Plaintiff Obianuju Allen-Myahwegi ("Plaintiff") in accordance with the numbered paragraphs thereof as follows:

1. Walgreens admits that Plaintiff was employed as a pharmacist at Walgreens and terminated because Plaintiff violated Walgreens' company policies concerning loss prevention. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint relating to Plaintiff's claim she is an African-American from Nigeria. Walgreens denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. Walgreens admits that Plaintiff purports to assert claims against Walgreens under the Philadelphia Fair Practices Ordinance ("PFPO"). Walgreens denies the remaining allegations set forth in paragraph 2 of the Complaint and specifically denies that Plaintiff is entitled to any relief in this matter.

1

3. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint relating to Plaintiff's current residence.

4. Admitted.

5. Admitted.

6. Admitted.

7. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. The allegations set forth in paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Walgreens denies the allegations set forth in paragraph 18 of the Complaint.

19. Walgreens denies the allegations set forth in paragraph 19 of the Complaint.

20. Walgreens admits that Mr. Lee did not berate or criticize store employees. Walgreens denies the remaining allegations set forth in paragraph 20 of the Complaint, and specifically denies that Plaintiff was treated differently due to her national origin.

21. Walgreens denies the allegations set forth in paragraph 21 of the Complaint.

22. Walgreens denies the allegations set forth in paragraph 22 of the Complaint.

23. Walgreens denies the allegations set forth in paragraph 23 of the Complaint.

24. Walgreens admits that Plaintiff was a salaried employee at Walgreens. Walgreens also admits that employees may be entitled to additional wages for working over 80 hours in a two week period and for working overnight shifts. Walgreens denies employees are entitled to additional wages for working seven consecutive days.

25. Walgreens admits that Plaintiff occasionally worked overnight shifts and in excess of 80 hours a week on a bi-weekly basis.

26. Admitted.

27 Walgreens denies the allegations set forth in paragraph 27 of the Complaint. By way of further explanation, on one occasion, Plaintiff was inadvertently shorted less than $500 in pay during a transition in her work schedule. When this issue was brought to Walgreens attention, Plaintiff was paid the monies owed.

28. Except to admit that Plaintiff complained concerning a single wage discrepancy that was remedied by Walgreens, Walgreens denies the allegations set forth in paragraph 28 of the Complaint.

29. Walgreens denies the allegations set forth in paragraph 29 of the Complaint.

30. Walgreens denies the allegations set forth in paragraph 30 of the Complaint.

31. Walgreens denies the allegations set forth in paragraph 31 of the Complaint.

32. Walgreens denies the allegations set forth in paragraph 32 of the Complaint.

33. Walgreens denies the allegations set forth in paragraph 33 of the Complaint.

34. Walgreens denies the allegations set forth in paragraph 34 of the Complaint. By way of further explanation, Plaintiff never applied for a pharmacy manager position.

35. Walgreens denies the allegations set forth in paragraph 35 of the Complaint. By way of further explanation, Plaintiff never applied for a pharmacy manager position.

36. Walgreens denies the allegations set forth in paragraph 36 of the Complaint.

37. Except to admit that Ms. Gramlich was employed by Walgreens and had worked at the North Broad Street store, Walgreens denies the allegations set forth in paragraph 37 of the Complaint. By way of further explanation, Ms. Gramlich began working at Walgreens in March 2003, and "store seniority" was not a selection criteria considered for promotion to a pharmacy manager position.

38. Walgreens denies the allegation set forth in paragraph 38 of the Complaint. By way of further explanation, Plaintiff never applied for a pharmacy manager position.

39. Walgreens denies the allegations set forth in paragraph 39 of the Complaint.

40. Except to admit that a vacancy was created as a result of Ms. Gramlich's departure from Walgreens, Walgreens denies the allegations set forth in paragraph 40 of the Complaint.

41. Walgreens admits that in or around June 2013 Thuy Tran transferred from Walgreens' South Broad Street store to Walgreens' North Broad Street store to become the

store's pharmacy manager. Walgreens denies the remaining allegations set forth in paragraph 41 of the Complaint.

42. Walgreens admits that District Pharmacy Supervisor James Reed and District Manager John McIlwraith discussed the vacant pharmacy manager position with multiple pharmacists – including Ms. Tran – who properly applied for the position.

43. Walgreens denies the allegations set forth in paragraph 43 of the Complaint.

44. Walgreens denies the allegations set forth in paragraph 44 of the Complaint.

45. Admitted.

46. Walgreens admits that Plaintiff was terminated after an investigation into Plaintiff's conduct revealed that Plaintiff violated Walgreens' company policies concerning loss prevention by taking medication without permission or payment. Walgreens denies the remaining allegations set forth in paragraph 46 of the Complaint.

47. Walgreens denies the allegations set forth in paragraph 47 of the Complaint.

48. Walgreens denies the allegations set forth in paragraph 48 of the Complaint.

49. Walgreens denies the allegations set forth in paragraph 49 of the Complaint.

50. Admitted.

51. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 of the Complaint relating to how busy the store was when Plaintiff violated Walgreens' company policies concerning loss prevention. Walgreens admits that Plaintiff was the only pharmacist on duty.

52. Walgreens admits that on one occasion of which it is aware Plaintiff took two Ibuprofen tablets without permission or payment in violation of Walgreens' company policies

concerning loss prevention. Walgreens lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint.

53. Walgreens denies the allegations set forth in paragraph 53 of the Complaint.

54. Admitted.

55. Walgreens denies the allegation set forth in paragraph 55 of the Complaint.

56. Admitted. By way of further explanation, no other employees at the North Broad Street store have admitted to taking medication from the waste bin or stock, and pharmacists at other locations within Pennsylvania have been terminated for similar conduct.

57. Walgreens denies the allegations set forth in paragraph 57 of the Complaint.

58. Walgreens denies the allegations set forth in paragraph 58 of the Complaint.

## COUNT I

59. Walgreens incorporates its responses to the preceding allegations of Complaint as if set forth fully herein.

60. The allegations set forth in paragraph 60 of the Complaint are legal conclusions to which no response is required.

61. The allegations set forth in paragraph 61 of the Complaint are legal conclusions to which no response is required.

62. The allegations set forth in paragraph 62 of the Complaint are legal conclusions to which no response is required.

63. Walgreens denies the allegations set forth in paragraph 63 of the Complaint.

64. Walgreens denies the allegations set forth in paragraph 64 of the Complaint.

65. Walgreens denies the allegations set forth in paragraph 65 of the Complaint.

66. Walgreens denies the allegations set forth in paragraph 66 of the Complaint.

67. Walgreens denies the allegations set forth in paragraph 67 of the Complaint.

WHEREFORE, having denied any liability to Plaintiff, Walgreens denies that Plaintiff is entitled to any of the relief she demands.

**COUNT II**

68. Walgreens incorporates its responses to the preceding allegations of Complaint as if set forth fully herein.

69. Walgreens denies the allegations set forth in paragraph 69 of the Complaint.

70. Walgreens denies the allegations set forth in paragraph 70 of the Complaint.

71. Walgreens denies the allegations set forth in paragraph 71 of the Complaint.

72. Walgreens denies the allegations set forth in paragraph 72 of the Complaint.

WHEREFORE, having denied any liability to Plaintiff, Walgreens denies that Plaintiff is entitled to any of the relief she demands.

**COUNT III**

73. Walgreens incorporates its responses to the preceding allegations of Complaint as if set forth fully herein.

74. Walgreens denies the allegations set forth in paragraph 74 of the Complaint.

75. Walgreens denies the allegations set forth in paragraph 75 of the Complaint.

76. Walgreens denies the allegations set forth in paragraph 76 of the Complaint.

WHEREFORE, having denied any liability to Plaintiff, Walgreens denies that Plaintiff is entitled to any of the relief she demands.

**COUNT IV**

77. Walgreens incorporates its responses to the preceding allegations of Complaint as if set forth fully herein.

78. Walgreens denies the allegations set forth in paragraph 78 of the Complaint.

79. Walgreens denies the allegations set forth in paragraph 79 of the Complaint.

80. Walgreens denies the allegations set forth in paragraph 80 of the Complaint.

81. Walgreens denies the allegations set forth in paragraph 81 of the Complaint.

WHEREFORE, having denied any liability to Plaintiff, Walgreens denies that Plaintiff is entitled to any of the relief she demands.

## GENERAL DENIAL

Walgreens denies each and every allegation in the Complaint that has not otherwise been specifically admitted herein.

## DEFENSES

1. Any actions taken by Walgreens or its representatives and employees with respect to the Complaint were non-discriminatory and non-retaliatory, taken in good faith, based on lawful business reasons, and in conformity with applicable federal, state and local laws.

2. Walgreens had a legitimate, non-discriminatory reason for all employment decisions made regarding Plaintiff.

4. Plaintiff has not suffered any damages or losses, or if Plaintiff has suffered damages or losses, such damages or losses was caused in whole or in part by Plaintiff's own acts, omissions or conduct, including but not limited to Plaintiff's violation of Walgreens' company policies concerning loss prevention.

5. To the extent Plaintiff has failed to take reasonable steps to mitigate her damages, her claims for relief are barred and/or diminished.

6. To the extent Plaintiff seeks punitive damages and/or or damages for mental anguish, emotional distress, humiliation and/or embarrassment and damage to reputation,

Plaintiff is not entitled to such damages because all actions regarding Plaintiff were taken in good faith and for legitimate reasons, and without malice, willfulness or evil intent.

7. Plaintiff's claims are barred because, at all relevant times, Walgreens had anti-harassment policies in effect and Plaintiff failed, in whole or in part, to avail herself of those policies, failed to bring her complaints to the attention of Walgreens, and/or refused to meaningfully participate in the execution of those policies.

8. Plaintiff's claims are barred to the extent the defenses of wavier, laches, unclean hands, and estoppel apply.

## RESERVATION OF RIGHTS

Walgreens reserves the right to amend this Answer and Defenses, including its responses to the allegations of the Complaint, and to add any and all additional defenses as they become known through discovery or investigation.

WHEREFORE, Walgreens respectfully submits that the claims asserted in Complaint should be dismissed, with prejudice, in their entirety and that Walgreens should be awarded its attorneys' fees and costs incurred in defending this action as well as such other and further relief as the Court may deem just and proper.

DATED: August 12, 2015      Respectfully submitted,

*/s/ Paul C. Evans*
Paul C. Evans
pevans@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001

*Attorney for Defendant Walgreen Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August 2015, a true and correct copy of the Defendant Walgreen Co's Answer and Defenses to Plaintiff's Complaint has been served upon the following counsel via First Class U.S. Mail, postage prepaid.
Harold I. Goodman, Esq.
RAYNES McCARTY
1845 Walnut Street, 20th Floor
Philadelphia, Pennsylvania 19103
*Attorneys for Plaintiff Obianuju Allen-Myahwegi*

By:
    */s/ Paul C. Evans*
    Paul C. Evans
    pevans@morganlewis.com
    MORGAN LEWIS & BOCKIUS, LLP
    1701 Market Street
    Philadelphia, PA  19103
    Tel:    (215) 963-5000
    Fax:    (215) 963-5001

    *Attorney for Defendant Walgreen Co.*